UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC,<br><br>　　　　　Defendant. | Case No. 24-cv-06591-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

　　　　Plaintiff Luis Valdez brought this action in the San Mateo County Superior Court alleging violations of the Song-Beverly Warranty Act regarding a vehicle manufactured and sold by Defendant FCA US LLC.  Defendant removed the action to this Court based on diversity jurisdiction and Plaintiff moved to remand.  (Dkt. No. 14.[1])  Having considered the parties' briefs and having had the benefit of oral argument on February 13, 2024, the Court DENIES the motion to remand.  The face of the Complaint establishes the jurisdictional minimum amount in controversy and Defendant also demonstrated by a preponderance of the evidence the minimum is met; so Defendant properly removed on diversity jurisdiction grounds.

## BACKGROUND

　　　　Plaintiff purchased a 2019 Jeep Wrangler for a cash price of $44,909.90.  (Dkt. No 1-1 at 70.)  Plaintiff alleges "defects and nonconformities to warranty manifested themselves" after purchase and "substantially impaired the use, value, or safety of the Vehicle" such that the "value of the Vehicle is worthless and/or *de minimis*."  (Dkt. No. 1-1, Ex. A ¶¶ 12-14.)

　　　　Five years after he purchased the vehicle, in August 2024, Plaintiff filed this action in the San Mateo County Superior Court alleging breaches under the Song-Beverly Act of the express

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  warranty and the implied warranty of merchantability. (*Id.* at 11-15.) As relief, he seeks: (1) general, special, and actual damages; (2) restitution; (3) consequential and incidental damages; (4) a civil penalty in the amount of two times Plaintiff's actual damages; (5) costs of the suit and reasonable attorney's fees; (6) prejudgment interest at the legal rate; and (7) other relief as the Court may deem proper. (*Id.* at 15.)

A little over a month later, Defendant removed the action to this Court alleging diversity jurisdiction and Plaintiff responded by filing the now pending motion to remand to the San Mateo County Superior Court. (Dkt. Nos. 1, 14.)

## DISCUSSION

### I.   Legal Standard

A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction," or "diversity of citizenship" when the amount in controversy exceeds $75,000. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Defendant removed on diversity jurisdiction grounds. To properly invoke diversity jurisdiction, the matter in controversy must exceed the "sum or value of $75,000." 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff." *Diaz v Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. Here, there is no dispute the diversity of citizenship requirement is met; the only question is whether the amount in controversy threshold is also met.

"Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "Where it is not facially evident from the Complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional

2

threshold." *Matheson v Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). When there is doubt, the case should be remanded to state court. *Matheson*, 319 F.3d at 1090.

Plaintiff moves to remand on the basis the amount in controversy is not facially evident from the Complaint and Defendant failed to prove by a preponderance of the evidence the amount in controversy is satisfied.

## II.     Face of the Complaint

In the Notice of Removal, Defendant asserts the amount in controversy is met because Plaintiff seeks actual damages of $35,001.00, plus a civil penalty in the amount of two times actual damages, plus reasonable attorney's fees and costs. (Dkt. No. 1 ¶ 17.)  Because the Complaint demands a civil penalty of at least $70,002 (two times actual damages), Defendant insists the amount in controversy amount is satisfied even before considering attorney's fees. (Dkt. No. 1 ¶ 19.)  Plaintiff argues the Complaint's allegation of $35,001.00 is for total damages—inclusive of damages, civil penalties, and attorney's fees—so Defendant has not met its burden. (Dkt. No. 14-2 at 12:3-9.)

The Complaint's plain language shows the amount in controversy is satisfied.  The Complaint alleges there are "damages in a sum to be proven at trial in an amount that is not less than $35,001.00." (Dkt. No. 1-1, Ex. A ¶ 21.)  Plaintiff's Prayer for Relief then demands "damages" in addition to and separate from a civil penalty and attorney's fees:

> a. For general, special and actual damages according to proof;
> b. For restitution;
> c. For any consequential and incidental damages;
> d. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);
> e. For prejudgment interest at the legal rate;
> f. For the costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d); and
> g. For such other relief as the Court may deem proper.

(Dkt. No. 1-1, Ex. A ¶ 53.)  Plaintiff's separation of damages from civil penalties and attorney's fees in the Prayer for Relief demonstrates the Complaint's allegation of $35,001.00 in damages is separate from and in addition to civil penalties and attorney's fees.  This separation is consistent

3

with the statutory text of the Song-Beverly Act which explicitly distinguishes the right to recover damages from the right to recover civil penalties and attorney's fees. *See* Cal. Civ. Code § 1794(a)-(e). Indeed, the Act provides that a consumer may bring "an action for the recovery of damages and other legal and equitable relief." The *other* legal and equitable relief separate from "recovery of damages" includes a civil penalty and fees and costs. *Id.; see also Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017) (statutes which permit damages do not permit attorney's fees absent specific language); *Tull v. United States*, 481 U.S. 412, 422 (1987) (describing the distinct purposes of damages as compared to civil penalties.) So, Defendant has shown the Complaint demands damages, civil penalties, and attorney's fees in excess of the jurisdictional minimum. *Flier v. FCA US LLC*, No. 21-CV-02553-CRB, 2021 WL 10894075, at *3 (N.D. Cal. Oct. 4, 2021) (rejecting the plaintiff's argument that the complaint's jurisdictional statement that plaintiff seeks damages in an amount not less than $25,001 included civil penalties, attorney's fees and punitive damages); *Pestarino v. Ford Motor Co.*, No. 19-CV-07890-BLF, 2020 WL 1904590, at *3 (N.D. Cal. Apr. 17, 2020) (the court held the maximum civil penalty was justified in proving the amount in controversy based on plaintiff alleging entitlement to such relief).

Plaintiff cites to numerous Central District cases in which the purported ambiguity of the allegations was accepted as grounds for granting remand. (Dkt. No. 14-2 at 12-14) (*Edwards v. Ford Motor Company*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585 at *4 (C.D. Cal., Nov. 4, 2016); *Limon-Gonzalez*, No. 2:20-CV-04381-PA-JPR, 2020 WL 3790838, at *2 (C.D. Cal., July 7, 2020.) But district courts are not bound by the decisions of other district courts. *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) (the binding authority principle applies only to appellate courts.) And although Plaintiff argues the allegation for $35,001.00 refers to damages, civil penalties, and attorney's fees, Plaintiff's argument is unpersuasive given the Complaint's plain language and the provisions of the Song-Beverly Act.

Because the Complaint's allegations and demand for relief demonstrate the $75,000 amount in controversy is met, Defendant has established the jurisdictional amount in controversy is met.

4

### III.    Preponderance of the Evidence

Defendant has also proven the amount in controversy by a preponderance of the evidence. The Complaint seeks "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity." (Dkt. No. 1-1, Ex. A. ¶ 17.)  The Complaint also seeks "a civil penalty in the amount of two times Plaintiff's actual damages" and "reasonable attorney's fees." (Dkt. No. 1-1, Ex. A ¶ 53.)  Combined, these three forms of relief clear the $75,000 minimum for the amount in controversy.

Under the Song-Beverly Act, a buyer is entitled to reimbursement of "an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1).  The purchase price paid includes "any collateral charges such as sales or use tax…and other official fees." Cal. Civ Code § 1793.2(d)(2)(B).  Courts have included the finance charges used in purchasing a vehicle in calculating the reimbursement amount under the Song-Beverly Act.  *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 873 (S.D. Cal. 2021) (collecting cases when finance charges were included in buyer's purchase price paid).  And the Act cuts off the mileage offset (the amount directly attributable to the buyer's use prior to discovery) at the time the consumer first presents the vehicle for repair for the claimed defect.  Cal. Civ. Code § 1793.2(d)(2)(C).

Defendant offers evidence of the cash price for the vehicle ($44,909.90), the finance charges ($5,826.18), and an optional service contract ($658). (Dkt. No. 1-1, Ex. F at 70.)  Using these figures, the total purchase price for the vehicle amounts to $50,078.08, based on the cash price, plus the finance charges, less the optional service contract.  Defendant argues a mileage offset of $2,363.11, calculated using a repair visit on January 24, 2020 at 7,126 miles, should be subtracted from the total purchase price.  This mileage offset estimate results in a reimbursement value of $47,714.97. (Dkt. No. 1 ¶ 20.)

Plaintiff does not dispute Defendant's evidence as to the purchase price, but contends Defendant's mileage offset estimate is not supported by any evidence.  Plaintiff correctly notes Defendant failed to offer any evidence supporting its mileage offset figure, based on a repair visit

at the vehicle's 7,108 mileage mark, and that a greater mileage offset would reduce the amount in controversy. *See Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (holding a mileage offset may be included to reduce the amount in controversy). But, even using a reasonable mileage offset based on drawing the inferences most favorable to Plaintiff, the amount in controversy is met.

Plaintiff purchased the vehicle around September 2019 and filed this action in August 2024. (Dkt. No. 1-1, Ex. A ¶ 7.) So, at most Plaintiff used the vehicle for a five year period prior to filing suit, assuming he did not discover the defect until immediately prior to filing suit. And assuming Plaintiff drove the vehicle 12,000 miles per year, the total mileage driven would amount to 60,000. The formula for the mileage offset takes the purchase price multiplied by the miles travelled and divides that figure by 120,000. Cal. Civ. Code § 1793.2(d)(2)(C). Thus, the mileage offset formula would be the purchase price ($50,078.08) x (60,000) / (120,000). So, the mileage offset, drawing all reasonable inferences in Plaintiff's favor, results in a total reimbursement amount of $25,039.04.

Taking $25,039.04 as Plaintiff's actual damages, that is, the vehicle reimbursement amount, and then applying a double civil penalty, results in $75,117.12 for the amount in controversy. This alone satisfies the jurisdictional minimum. Defendant has also demonstrated by a preponderance of the evidence that attorney's fees of at least $25,000 is a reasonable estimate in this case. (Dkt. No. 1-1 ¶ 12.) Adding this figure to the figure above, the amount in controversy comes to $100,117.12, well in excess of the jurisdictional minimum. The Court thus finds Defendant has met its burden and proven the amount in controversy by a preponderance of the evidence.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand is DENIED.

The Court sets an initial case management conference for April 2, 2025 at 2:00 p.m. via videoconference. The parties shall file their joint case management conference statement by March 26, 2025.

This Order disposes of Docket No. 14.

6

**IT IS SO ORDERED.**

Dated: March 7, 2025

JACQUELINE SCOTT CORLEY
United States District Judge
